UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA KELLIER,

                Plaintiff,

-against-                            22-CV-2506 (LTS)

MR. NEIL ROSS; MRS. NICOLE BEDFORD;     ORDER
MRS. ELLEN BIBEN,

                Defendants.

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

On March 28, 2022, Plaintiff filed this *pro se* action, asserting claims under state and federal law that Defendants violated Plaintiff's rights in the course of his ongoing New York Count criminal proceedings. Named as Defendants are New York County Criminal Court Judge Neil Ross, New York County Supreme Court, Criminal Term Administrative Judge Ellen Biben, and Nicole Beckford, a Clerk of the New York County Criminal Court. On April 12, 2022, Plaintiff filed an emergency motion seeking preliminary injunctive relief, including a request that the Court intervene in Plaintiff's ongoing state court criminal proceedings and remove Judge Ross from presiding over those proceedings. On April 20, 2022, Plaintiff filed another emergency motion in which he appears to seek substantively similar relief, and also requests that the Clerk of Court to issue summonses.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm, and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary

and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court is reviewing Plaintiff's claims in full and will be issuing an order at a later date. As a preliminary matter, however, the doctrine of absolute judicial immunity and the doctrine stating that federal courts must generally abstain from intervening in pending state court criminal proceedings, originally set forth in *Younger v. Harris*, 401 U.S. 37 (1971), suggest that there is not a likelihood of success on the merits. Nor do Plaintiff's submissions suggest sufficiently serious questions going to the merits to make them a fair ground for litigation or a balance of hardships tipping decidedly in his favor.

Plaintiff's requests for emergency injunctive relief (ECF 5, 8) are therefore denied. The Court will address the claims raised in Plaintiff's complaint, including whether summonses shall issue,[1] at a later date.

## CONCLUSION

Plaintiff's requests for preliminary injunctive relief (ECF 5, 8) are denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen the complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  April 21, 2022
    New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge