UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA KELLIER,

               Plaintiff,

        -against-

MR. NEIL ROSS; MRS. NICOLE BECKFORD;
MRS. ELLEN BIBEN,

               Defendants.

22-CV-2506 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants have violated his federal constitutional rights as well as his rights under 42 U.S.C. § 1981 and state law. The Court construes the complaint as also seeking *habeas corpus* relief under 28 U.S.C. § 2241. By order dated April 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. By order dated April 21, 2022, the Court denied Plaintiff's motions for emergency injunctive relief. (ECF 9.) The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

     The Court must dismiss an complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

     While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Joshua Kellier, a resident of Brooklyn, New York, brings this action under the Court's federal question jurisdiction alleging that Defendants violated his rights during his state court criminal proceedings. He sues New York County Criminal Court Judge Neil Ross, New York County Supreme Court, Criminal Term Administrative Judge Ellen Biben, and Nicole Beckford, a Clerk of the New York County Criminal Court.

The following allegations are taken from the complaint, which is repetitive and often difficult to follow. Plaintiff's claims against Judge Ross appear to arise from an incident in which

Plaintiff sought to orally challenge Ross's order that he undergo a competency examination

under Article 730 of the New York Criminal Procedure Law ("730 examination"). Ross

responded by threatening Plaintiff with contempt of court and telling Plaintiff that "if you know

what is good for you it's best you don't say anything," and instructing Plaintiff to "speak to [his]

attorney." (ECF 2, at 10-11.) When Plaintiff refused to take a 730 examination, Ross told

Plaintiff that it will be to "his own detriment," a comment Plaintiff asserts demonstrates Ross's

"personal bias and interest in the outcome" of Plaintiff's criminal proceeding. (*Id.* at 11.)

Plaintiff also asserts that Ross's comment violates his First Amendment right to free speech and

to the press, and his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Plaintiff further

argues that Ross's comments damaged Plaintiff's reputation and resulted in Ross receiving

"unjust enrichment." (*Id.* at 9.) Plaintiff alleges that Ross violated or interfered with "an

enforceable contract," by which Plaintiff appears to be referring to Ross's judicial oath of office.

(*See id.* at 9, 11.) Plaintiff filed a complaint against Ross with the State Commission on Judicial

Conduct, which, on March 18, 2021, "'concluded that there was insufficient indication of

judicial misconduct to justify discipline.'" (*Id.* at 12) (quoting the Commission's letter).

On March 11, 2022, Defendant Beckford, who is a clerk at the New York County

Criminal Court, told Plaintiff that "no one in this office would file" Plaintiff's motion to

disqualify Ross. (*Id.* at 14, 16.) Beckford instead instructed Plaintiff that he needed "to go into

open court and file [his motion]." (*Id.* at 19).

On or around January 19, 2021, Judge Biben, an Administrative Judge of the New York

County Supreme Court, Criminal Term, who also presided over Plaintiff's criminal case, ordered

Plaintiff to undergo a 730 examination.[1] (*See id.* at 21.) Biben told Plaintiff that he could not record the proceeding because "it's stated in the court rules," therefore violating Plaintiff's constitutional rights. (*Id.* at 21.) Biben also violated provisions of "state ethics law" and the judicial code of conduct by showing favoritism towards witnesses. (*Id.* at 22.) Plaintiff further alleges that Biben violated his rights under the First Amendment by telling him that he should not speak directly to the judge, but should rather communicate through his attorney. (*See id.* at 26-27.)

Plaintiff also appears to challenge the legality of his custody under the *habeas corpus* statute and the United Nations Convention Against Torture. Plaintiff alleges that he is currently released on his own recognizance and that he is being subjected to "torture" and "cruel, inhuman, and degrading treatment." (*Id.* at 32.) Specifically, Plaintiff alleges that

> [t]he court and d[istrict] a[ttorney]'s office conspiracy to deny [Plaintiff] of his due process and hack erase recorded videos on his YouTube platform and on his Iphone, and deprive [P]laintiff of his property violates the [United Nations Convention Against Torture] and 42 USC ss 2000 dd and the executive order 13491 his 4th, 14th, & 8th amendment right to services of cruel and inhumane treatment and punishment life and liberty and property and security in effects.

(*Id.*)

Plaintiff further asserts that Defendants tried to get him to confess to a crime he did not commit "by holding on to his court documents – discovery," denying him his "right to speech, to record, to press" and the right to petition." (*Id.*) Moreover, the District Attorney has not proved his case

> beyond a reasonable doubt but [has been] allowed to retry the case depriving [Plaintiff] of his 5th amendment right to double je[o]pardy violating his 13th 1st amendment right to petition be free from the badges, relics, and vestiges of slavery, discrimination, criminal activity, employment discrimination via back

---

[1] It appears from the complaint that both Judges Ross and Biben presided over various aspects of Plaintiff's criminal proceedings.

ground checks, fraud, negligence, willful misconduct, racketeering, breach of
contract breach of oath to support and uphold the constitution.

(*Id.* at 33.)

The complaint does not clearly state the relief that Plaintiff is seeking. In the section of

the complaint form asking him to state the relief he is seeking, Plaintiff writes,

Injunctive relief, see the rest of the relief requested in the 2nd& 3rd ¶ on pg 1 &2
of Mr. Kellier complaint. FRCP 54(c) Demand for Judgment & Relief to be
Granted, A default judgement must not differ in kind from, or exceed in amount,
what is demanded in the pleadings. Every other final judgement should grant
relief to which each party is entitled, with if the party as not demanded that relief
in its pleadings[.]

(*Id.* at 6.) The referenced paragraphs are difficult to understand but suggest that Plaintiff is

seeking money damages and a broad array of injunctive relief, including an order directing "Mr.

Ross to remove himself from the bench," (*id.* at 9), as well as writs of "assistance" and

"sequestration" (*see id.* at 9-10).

**DISCUSSION**

**A.      Rule 8**

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's

statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin

v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim

"should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on

the court and the party who must respond to it because they are forced to select the relevant

material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d

Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a

labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also

The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of*

*Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at \*12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Plaintiff's lengthy, confusing, and repetitive complaint does not include a short and plain statement showing that he is entitled to relief and is therefore subject to dismissal under Rule 8. Even if the complaint did comply with Rule 8, dismissal would be required because it suffers from the additional deficiencies discussed below.

**B.   Absolute Judicial Immunity**

Plaintiff asserts claims under 42 U.S.C. § 1983 that Defendants – two state court judges and a state court clerk – violated his federal constitutional rights.[2] He also asserts unspecified claims under 42 U.S.C. § 1981.[3] Judges are absolutely immune from suit for damages with respect to claims under Section 1983 and Section 1981 for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Applewhite v. Briber*, 506 F.3d 181, 181-82 (2d Cir. 2007) (applying judicial immunity doctrine to Section 1981 claims). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996,

---

[2] To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

[3] Section 1981 prohibits racial discrimination in, among other things, all contractual relationships. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994).

Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, it is clear that Plaintiff's claims against Judges Ross and Biben arise from actions taken within the scope of their judicial responsibilities in presiding over Plaintiff's criminal matters. Plaintiff does not allege any facts showing that Ross and Biben acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Ross and Biben for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Ross and Biben under the doctrine of absolute judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court also dismisses Plaintiff's Section 1983 and Section 1981 claims against New York County Criminal Court Clerk Beckford. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to

provide a litigant with documents and not to expand the record on appeal). Courts have held that "Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are thus entitled to absolute immunity. *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011); *see Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) (holding that court clerks were entitled to "absolute quasijudicial immunity" in suit alleging they refused to file documents, and citing cases); *Humphrey v. Court Clerk for the Second Circuit*, No. 08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (court clerks enjoy absolute immunity "if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court" (citing *Rodriguez*, 116 F.3d at 67)). Where a plaintiff is prevented from initiating a new action, some courts have found a possible violation of her rights. *See Humphrey*, 2008 WL 1945308, at *2 (relying on *LeGrand v. Evan*, 702 F.2d 415, 418 (2d Cir. 1983) (reversing decision dismissing as frivolous complaint that alleged that clerk of the New York Supreme Court, Kings County, refused to accept applications for a writ of *habeas corpus*, and noting that "many courts have accorded clerks only a qualified 'good faith' immunity from liability arising from ministerial acts.")).

Here, Plaintiff does not allege that Beckford's actions were taken outside the scope of the functions associated with her position as a court clerk. Plaintiff's allegations against Beckford – that she told him the clerk's office could not accept his motion to disqualify the judge presiding over his criminal proceedings, and that he instead must file the motion "in open court" – demonstrate that Beckford was acting "pursuant to the established practice of the court," and that her acts were therefore "judicial in nature and an integral part of the judicial process." *Humphry*, 2008 WL 1945308, at *2; *see also Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d

1385, 1390 (9th Cir. 1987) (holding that accepting documents for filing is properly characterized as an "integral part of the judicial process"). Moreover, nothing in the complaint suggests that Plaintiff was prohibited from "commenc[ing] an action under a state statute" or that his constitutional rights were violated. *See Humphry*, 2008 WL 1945308, at *2. The Court therefore dismisses Plaintiff's claims against Beckford under the doctrine of absolute judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## C.    *Younger* Abstention

According to records maintained by the New York State Unified Court System, Plaintiff's criminal case in the New York State Supreme Court, New York County, Criminal Term, is ongoing, and Plaintiff's next appearance is scheduled for May 5, 2022.[4] To the extent that Plaintiff, in seeking injunctive relief under Section 1983, asks the Court to intervene in his pending state court criminal proceeding by, for example, preventing Judge Ross from presiding over those proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

---

[4] *See* https://iapps.courts.state.ny.us/webcrim_attorney/AttorneyWelcome.

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses those claims for injunctive relief.

**D.**    ***Habeas Corpus* Relief**

Plaintiff appears to challenge the constitutionality of his custody as a state criminal defendant who has been released on bail pending the outcome of his criminal proceeding. (*See* ECF 2, at 32-33.) The Court therefore construes those claims as ones for *habeas corpus* relief under 28 U.S.C. § 2241. Under Section 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A person released on bail or on his own recognizance is considered "in custody" within the meaning of Section 2241. *Hensley v. Mun. Court*, 411 U.S. 345, 349 (1973). A convicted prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition brought under 28 U.S.C. § 2254, but such relief is available under Section 2241 to a state criminal defendant released on bail who challenges his custody as unlawful under the Constitution or federal law. *See Marte v. Vance*, 480 F. App'x 83, 84 n.1 (2d Cir. 2012) (summary order); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 293-94 (2d Cir. 1976).

Before seeking *habeas corpus* relief under Section 2241, however, a criminal defendant must exhaust his or her available state-court remedies. *See Scranton*, 532 F.2d at 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, New York State's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Because Plaintiff does not show that he exhausted any of his available state-court remedies before filing his complaint in this Court, the Court dismisses his claims for *habeas corpus* relief without prejudice.[5]

### E.    Claims under 42 U.S.C. § 2000dd and the Convention Against Torture

To the extent Plaintiff seeks to assert claims under 42 U.S.C. § 2000dd and the United Nations Convention Against Torture (CAT) (*see* ECF 2, at 32-33) those claims must also be dismissed. Section 2000dd, which is titled "Prohibition on cruel, inhuman, or degrading treatment or punishment of persons under custody or control of the United States government," does not apply here because Plaintiff is not in custody or under physical control of the United States government. *See Strom v. Cain*, No. 2:21-CV-0534 (SB), 2021 WL 6125797, at *2 n.5 (D. Ore. Dec. 28, 2021) (holding that Section 2000dd did not apply to state prisoner challenging his conditions of confinement because he was not in the custody or under the physical control of the United States government).

Any claims that Plaintiff may be attempting to assert under the CAT must also be dismissed because the CAT does not provide a private right of action in federal court. *See*

---

[5] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a *habeas corpus* petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a Section 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

*Alejandro v. Quiros*, No. 3:21-CV-0542 (JAM), 2021 WL 5324905, at *7 (D. Ct. Nov. 16, 2021) (citing *Yuen Jin v. Mukasey*, 538 F.3d 143, 159 (2d Cir. 2008)).

## F.      Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## G.      Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims under Section 1983 and Section 1981 under the doctrine of absolute judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's claims for injunctive relief are dismissed under the *Younger* abstention doctrine.

The Court dismisses Plaintiff's claims for *habeas corpus* relief without prejudice.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff's application for the Court to request *pro bono* counsel (ECF 3) is denied as moot.

Because Plaintiff makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge